UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEAN VAN DOREN,
LAVONNE COCKRELL,
RONALD COCKRELL,
DREW MARKEL,
DEAN VAN DOREN, as parent
and guardian of DANTE VAN DOREN.

   Plaintiffs,

vs.             **JURY TRIAL DEMANDED**

STATE OF NEW MEXICO,
THE NEW MEXICO STATE DEPARTMENT OF
PUBLIC SAFETY, Special Investigations Division,
HERMAN SILVA, Director of the Special
Investigations Division,
RAY SISNEROS, individually and in his
capacity as former director of the Special
Investigations Division,
JIM PLAGENS, individually and in his
capacity as Deputy Director of the Special
Investigations Division,
CAMERON FISHER, individually and in his capacity
as Agent for the Special Investigations Division.

### COMPLAINT FOR DAMAGES TO REMEDY CIVIL RIGHTS VIOLATIONS AND COMMON LAW TORTS

   **COMES NOW,** Plaintiffs by and through their attorney of record, Thomas C.

Esquibel, Esquire, and in support of their Complaint for Damages to Remedy Civil Rights

Violations and Common Law Torts states:

### JURISDICTION AND VENUE

   1.  This complaint is brought under 42 U.S.C. § 1983 and the Fourth

Amendment to the Constitution of the United States of America and the New Mexico

Tort Claims Act for damages resulting from the illegal search and seizure of Plaintiffs'

Dean Van Dorens' person, business and residence, for damages resulting from the illegal search and seizure of Plaintiff, Drew Markels' person and residence, for damages resulting from the illegal search and seizure of Plaintiff Dean Van Dorens' minor child, Dante Van Doren, for damages resulting from the illegal search and seizure of Lavonne Cockrell, for damages resulting from the illegal detention and search of the living area of Ronald Cockrell.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and common law.

3. This Court has proper subject matter and personal jurisdiction over the parties.

4. Venue is appropriate in this district.

5. Upon information and belief, Defendants reside in New Mexico.

6. The acts complained of occurred in New Mexico, and Plaintiffs' causes of action arose in New Mexico.

## PARTIES

7. Plaintiff Dean Van Doren resides in Valencia County, New Mexico.

8. Plaintiff Dante Van Doren is a person under the age of eighteen and resides in Valencia County, New Mexico.

9. Plaintiff Drew Markel resides in the State of Nevada.

10. Plaintiff Lavonne Cockrell resides in Valencia County, New Mexico.

11. Plaintiff Ronald Cockrell resides in Bernalillo County, New Mexico.

12. Defendant Herman Silva is the current director of the Special Investigations Division of the State of New Mexico Department of Public Safety.

13. Defendant Ray Sisneros is the former director of the Special Investigations Division of the State of New Mexico Department of Public Safety.

14. Defendant Jim Plagens is the current Deputy Director of the Special Investigations Division of the State of New Mexico Department of Public Safety, and was serving in that capacity on or about the 24th and 25th day of April, 2006.

15. Defendant Cameron Fisher is an agent with the Special Investigations Division of the State of New Mexico Department of Public Safety and was acting in that capacity on or about the 24th and 25th day of April, 2006. Defendant Cameron Fisher is also a former employee of the Valencia County Sheriff's Department in Valencia County, the State of New Mexico.

16. At all pertinent times, Defendants were acting in the course and scope of their employment and under color of state law. They are sued in their individual capacities and as agents or representatives of their respective governmental entities.

## ALLEGATIONS

17. On our about April 25, 2006, Plaintiff, Dean Van Doren was the owner/operator of the Crystal Ranch Bar & Grill/CR In & Out Liquors in the Village of Los Lunas, County of Valencia, State of New Mexico.

18. On or about April 25, 2006, Plaintiff, Dean Van Doren was the lessee of a liquor license owned by Apodaca Services Incorporated, having been approved as the lessee of the liquor license by the State of New Mexico Regulation and Licensing Department of Alcohol & Gaming Division, on or about February 28, 2005.

19. Pursuant to New Mexico Liquor Law Plaintiff, Dean Van Doren was not required to request a hearing before the Village of Los Lunas to lease the liquor license

and establishment located at 3513 Highway 47, Los Lunas, New Mexico.

20. The premises at 3513 Highway 47, Los Lunas, New Mexico were formerly known as the Two Minute Warning and was operated by Charles Apodaca doing business as Apodaca Enterprises Incorporated.

21. On or before February 28, 2005, Plaintiff, Dean Van Doren applied for and was granted a business license from the Village of Los Lunas to do business as the Crystal Ranch Bar and Grill/CR In & Out Liquors listed himself as President of the corporation and began to pay all required taxes.

22. Since on or about February 28, 2005, all correspondence between the Alcohol and Gaming Division of the State of New Mexico and Plaintiff, Dean Van Doren have made reference to the business entity in question as Apodaca Services, Inc., Licensee Crystal Ranch, In., Lessee d/b/a Crystal Ranch Bar & Grill/CR In & Out Liquors 35113 Highway 47, Los Lunas, New Mexico 87031, Liquor License No. 372.

23. On or about April 26, 2004, Apodaca Services Incorporated received correspondence from the Alcohol and Gaming Division of the State of New Mexico claiming that Crystal Ranch, Inc., a management company may be running the operation of the premises at 3513 Highway 47, Los Lunas, New Mexico in a manner inconsistent with the Liquor Control Act of the State of New Mexico.

24. In response to the correspondence dated April 26, 2004, Mr. Charles Apodaca agreed to provide documentation that Plaintiff, Dean Van Doren was his employee and acting as manager of his business and agreed to provide the following:

    A). Proof that Apodaca Inc., pays all employees and;

    B). Proof that the receipts of the licensed business are deposited

directly into a bank account for Apodaca Services Incorporated and;

   C). Proof by operation of the approved operator and;

   D). Proof that receipts of Apodaca's Services Inc., are not shared with non-licensed parties.

25. The records in question requested by the Alcohol and Gaming Division of the State of New Mexico were to be provided to Defendant, State of New Mexico, Alcohol and Gaming Division, on or about May 25, 2004.

26. On or about May 25, 2004, the Defendant, State of New Mexico by and through the Special Investigations Division, applied for and received a search warrant for records of ownership for Apodaca Services Inc., Crystal Ranch Inc., Crystal Ranch Steakhouse & Saloon/Locker Room Discount Liquor's from the Second Judicial District Court, being the Honorable James F. Blackmer of the Bernalillo County District Court.

27. On or about June 8, 2004, in response to the warrant which was served on or about May 25, 2004, upon Apodaca Services, Inc., Apodaca Services, Inc., retained counsel, Mark M. Rhodes, and caused to be filed a Motion for Expedited Hearing to Suppress Evidence to Quash Warrant and for Return of Property.

28. No criminal or administrative charges were filed against Plaintiff Dean Van Doren or Liquor License No. 372 or Mr. Charles Apodaca as a result of the search conducted on or about May 25, 2004.

29. Plaintiff, Dean Van Doren, completed his application to be a lessee of liquor license # 372 and was approved by as a appropriate lessee by the Alcohol and Gaming Division of the State of New Mexico on or about March 30, 2005.

30. Plaintiff, Dean Van Doren, continued to operate the restaurant operation of

the subject matter business as Crystal Ranch and renamed the retail operation of the liquor establishment as In/Out Liquors.

31. Defendant, Cameron Fisher, was at the time that he acted as Affiant on purported search warrants for the business known as Crystal Ranch, Incorporated, the residence of Dean Van Doren and the residence of Plaintiff, Drew Markel, claimed to have a total of four years law enforcement experience.

32. Defendant, Cameron Fisher, prior to April 25, 2006 had been employed by a Valencia County Sheriff's Department Deputy for approximately three and one half years.

33. Defendant, Cameron Fisher, on April 25, 2006 was a relatively new employee of the Special Investigative Division of the Department of Public Safety of the State of New Mexico.

34. On or about April 25, 2006, Defendant, Cameron Fisher, prepared Affidavits in support of search warrants for the business known as Apodaca Services Inc., Crystal Ranch Inc., Crystal Ranch Steakhouse & Saloon/Locker Room Discount Liquors located at 3513 Highway 47, Los Lunas, New Mexico. The residence of Mr. Dean Van Doren located at 87 Monica Road, Los Lunas, New Mexico, and the residence of Mr. Drew Markel located at 18 Miller Court, Los Lunas, New Mexico.

35. All three affidavits for the search warrants lacked sufficient probable cause for issuance of a search warrant.

36. The affidavits for issuance of a search warrant were presented to the Office of the Thirteenth Judicial District Attorney for approval and they were rejected.

37. The State of New Mexico, Special Investigations Division of the New

Mexico Department of Public Safety circumvented the Office of the District Attorney and presented their affidavits for search warrants unchanged and without further investigation to New Mexico Magistrate, Danny Hawkes, Magistrate Judge, Division II, for Valencia County in the State of New Mexico.

38. On or about April 25, 2006, the State of New Mexico by and through its Special Investigations Division of the New Mexico Department of Public Safety, enlisted the assistance of the Valencia County Sheriff's Department and the Village of Los Lunas Police Department in order to execute the warrants they had obtained.

39. Agents of the State of New Mexico, the Valencia County Sheriff's Department and the Village of Los Lunas, coordinated in serving warrants upon the Crystal Ranch, the residence of Plaintiff, Dean Van Doren and the residence of Plaintiff, Drew Markel.

40. Plaintiff, Dean Van Doren, was falsely arrested at his residence, and charged with trafficking controlled substance, abandonment or abuse of a child; controlled substances; possession prohibited; possession of drug paraphernalia. Plaintiff's bond was set at $113,000.00.

41. Plaintiff, Lavonne Cockrell, was not named in any affidavit in support of search warrant but was arrested on April 25, 2006 and was detained on charges of trafficking a controlled substance. Plaintiff's bond was set at 100,000.00.

42. Plaintiff, Drew Markel, was falsely arrested, while on his work shift, and charged with minor criminal offenses and Plaintiff's bond was set at $15,000.00.

43. Criminal complaints for Plaintiff's Dean Van Doren, Lavonne Cockrell, and Drew Markel were presented to the Office of the District Attorney of the Thirteenth

Judicial District on or about April 26, 2006 and all criminal complaints were rejected by the Office of the District Attorney due to the lack of probable cause in the affidavits for search warrants.

44. During presentment of the criminal complaints against Plaintiff's, Dean Van Doren, Lavonne Cockrell and Drew Markel, defendant, Cameron Fisher indicated in his police report that a representative of the District Attorney's Office stated "Cameron is up to his old antics".

45. No criminal charges were ever filed against any of the Plaintiff's herein.

46. Plaintiff, Dean Van Doren was held in the Valencia County Detention Center for approximately three days in lieu of $113,000.00 bond.

47. Plaintiff, Lavonne Cockrell was held in the Valencia County Detention Center for approximately three days in lieu of $100,000.00 bond.

48. Plaintiff, Drew Markel was held in the Valencia County Detention Center for approximately three days in lieu of $15,000.00 bond.

49. The search warrant for the Crystal Ranch/In & Out Liquors was maliciously requested to be authorized as a nighttime search and was served upon the business premises at the peak of business hours causing employees and customers of the Crystal Ranch/In & Out Liquors to be detained for approximately two hours.

49. Plaintiff, Ronald Cockrell was detained by agents of the State of New Mexico, Special Investigations Division during the search of the residence of Plaintiff, Mr. Dean Van Doren and his personal apartment was searched by agents of the State of New Mexico, Special Investigations Division.

50. During the course of the execution of the search warrant upon the

residence and person of Plaintiff, Mr. Dean Van Doren, agents of the State of New Mexico, Special Investigations Division forced Plaintiff's son, Dante Van Doren, to watch the search they conducted and observe the arrest of his father.

51. During the course of the execution of the search warrant upon the residence of Plaintiff Dean Van Doren, agents of the State of New Mexico, Special Investigations Division, knowing that Plaintiff Van Doren was a single parent of a ten year old child, arrived without the assistance of any professional from child protective services or any other agency trained in providing for the health safety and welfare of minors during the course of the execution of a search warrant.

52. During the course of the execution of the warrant at the residence of Plaintiff Dean Van Doren, Agents from the State of New Mexico, Special Investigations Division segregated the minor child, Dante Van Doren from all other adults in the residence then isolated him and subjected him to questioning in a coercive and hostile manner.

51. The minor child, Dante Van Doren, was left in the custody of Mr. Ronald Cockerell who was recovering from eye surgery and should be regarded as an invalid for purposes of these proceedings.

52. Deputy Director, Jim Plagens of the Special Investigations Division of the New Mexico Department of Public Safety appeared before public broadcasting agencies being CASA Fox 2 and KOB News 4 and directly accused Plaintiff Dean Van Doren of being "a drug dealer and bootlegger", both of which allegations are false.

## COUNT I - FOURTH AMENDMENT
## CLAIM (UNREASONABLE SEIZURE)

53. Plaintiffs hereby reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

54. The individual Plaintiffs have and had right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizures.

55. Defendants violated the individual Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

## COUNT II - FOURTH AMENDMENT CLAIM
## (UNREASONABLE SEARCH OF PLAINTIFF'S PROPERTY)

56. Plaintiffs hereby reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

57. Plaintiffs have and had right under the Fourth Amendment to the United States Constitution to be free of unreasonable searches.

58. Defendants violated Plaintiffs' Fourth Amendment right to be free of unreasonable searches.

## COUNT III - STATE TORT CLAIMS

59. Plaintiffs hereby reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

60. Defendants' detentions of Plaintiffs constitute false arrest and false imprisonment.

61. Defendants' entry and search of the Crystal Ranch Bar and Grill constitutes trespass.

62. The actions of Defendants were not justified or privileged under state law.

**WHEREFORE,** Plaintiffs request compensatory damages; punitive

damages under the federal claims against the individual Defendants in their individual capacities; post-judgment interest; and reasonable costs and attorneys fees incurred in bringing this to action.

Respectfully submitted,

Thomas C. Esquibel
Attorney for Plaintiffs
PO Box 2358
Los Lunas, New Mexico 87031
(505) 865-6017
(505) 865-0991 Fax

Timothy M. Padilla
Attorney for Plaintiffs
1412 Lomas Blvd. NW
Albuquerque, New Mexico 87104-1236
(505) 842-0392
(505) 842-0686