IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEAN VAN DOREN,**
**LAVONNE COCKRELL,**
**RONALD COCKRELL,**
**DREW MARKEL,**
**DEAN VAN DOREN, as parent**
**and guardian of DANTE VAN DOREN**

     Plaintiffs,

vs.                                                            CV-07-1065 JB/WPL

**STATE OF NEW MEXICO,**
**THE NEW MEXICO STATE DEPARTMENT OF**
**PUBLIC SAFETY, Special Investigations Division,**
**HERMAN SILVA, Director of the Special**
**Investigation Division,**
**RAY SISNEROS, individually and in his**
**capacity as former director of the Special**
**Investigations Division,**
**JIM PLAGENS, individually and in his**
**capacity as Deputy Director of the Special**
**Investigations Division,**
**CAMERON FISHER, individually and in his capacity**
**as Agent for the Special Investigations Division,**

     Defendants.

### ANSWER TO COMPLAINT FOR DAMAGES TO REMEDY
### CIVIL RIGHTS VIOLATIONS AND COMMON LAW TORTS

**COME NOW** the Defendants, through their attorneys, Brennan & Sullivan, P.A., and for their Answer to Plaintiffs' Complaint for Damages to Remedy Civil Rights Violations and Common Law Torts state as follows:

1.    Defendants admit so much of Paragraph 1 of the Complaint as alleging that Plaintiffs have brought claims pursuant to 42 U.S.C. § 1983, the Fourth Amendment, and the

New Mexico Tort Claims Act. Defendants deny the remaining allegations contained in Paragraph 1 and specifically deny any wrongdoing.

2. The Defendants admit that the Court has jurisdiction and that venue is proper as alleged in Paragraphs 2, 3, and 4 of the Complaint.

3. Defendants admit Paragraph 5 of the Complaint, with the exception of Defendant Ray Sisneros.

4. Referencing Paragraph 6 of the Complaint, Defendants admit that Plaintiffs have brought allegations in the Complaint that purportedly occurred in the State of New Mexico; however, Defendants deny all specific acts of wrongdoing set forth in the Complaint.

5. Referencing Paragraphs 7, 8, 9, 10, and 11 of the Complaint, Defendants are without sufficient information and knowledge as to the residency of those individuals identified in these Paragraphs at the time of filing of the Complaint, and therefore can neither admit or deny these allegations at this time.

6. Defendants admit the allegations contained in Paragraphs 12, 13, 14, and 15 of the Complaint.

7. Referencing Paragraph 16 of the Complaint, with the exception of Defendant Herman Silva, Defendants admit that the individuals identified in the Complaint were acting within the course and scope of their employment and under state law, but deny any allegation of wrongdoing.

8. Referencing Paragraph 17 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the nature and extent of Plaintiff Van Doren's ownership interest in the Crystal Ranch Bar & Grill or CR In & Out Liquors at this time and therefore demand strict proof thereof.

9. Defendants are without sufficient information and knowledge at this time to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore can neither admit nor deny the allegations at this time.

10. Referencing Paragraph 19 of the Complaint, Defendants state that this is a statement or conclusion of law to which no response is required. To an extent that a response may be required, Defendants deny the same.

11. Defendants are without sufficient information and knowledge at this time to admit or deny the allegations contained in Paragraphs 20, 21, 22, 23, 24, and 25 of the Complaint, and therefore can neither admit nor deny the allegations at this time.

12. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

13. Defendants are without sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint.

14. Defendants are without sufficient information and knowledge at this time to admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore can neither admit nor deny the allegations at this time.

15. Defendants are without sufficient information and knowledge at this time to admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore can neither admit nor deny the allegations at this time

16. Defendants are without sufficient information and knowledge at this time to admit or deny the allegations contained in Paragraphs 30 of the Complaint, and therefore can neither admit nor deny the allegations at this time.

17. Referencing Paragraph 31 of the Complaint, Defendants state that the contents of the affidavit in support of the search warrant by Cameron Fisher speaks for itself.

18. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

19. Referencing Paragraph 33 of the Complaint, Defendants would affirmatively state that Cameron Fisher began his employment with the Special Investigation Division of the Department of Public Safety on December 17, 2005.

20. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

21. Defendants deny the allegations contained in Paragraphs 35 and 36 of the Complaint.

22. Referencing Paragraph 37 of the Complaint, Defendants admit so much as alleging that agents for the Special Investigation Division presented their affidavits for search warrants to New Mexico Magistrate Danny Hawks, Magistrate Judge, Division II for Valencia County in the State of New Mexico. Defendants deny the remaining allegations contained therein.

23. Defendants admit the allegations contained in Paragraphs 38 and 39 of the Complaint.

24. Referencing Paragraph 40 of the Complaint, Defendants admit the allegations contained therein with the exception that Plaintiff Van Doren was falsely arrested. Defendants are without sufficient information and knowledge at this time to admit or deny the specific amount of Plaintiff's bond or the conditions thereof.

25. Referencing Paragraph 41 of the Complaint, Defendants admit the allegations contained therein, although Defendants are without sufficient information and knowledge as to the specific amount and condition of Plaintiff's bond.

26. Referencing Paragraph 42 of the Complaint, Defendants deny that Plaintiff Markel was falsely arrested and charged with minor criminal offenses, but admit that the arrest

did occur while he was apparently at work. Defendants are without sufficient knowledge and information as to the specific amount or conditions of Plaintiff's bond.

27. Referencing Paragraph 43 of the Complaint, Defendants admit the allegations that criminal complaints against Plaintiffs were presented to the Office of the District Attorney of the Thirteenth Judicial District on or about April 26, 2006. Defendants deny the remaining allegations.

28. Referencing Paragraph 44 of the Complaint, Defendants respond that the contents of the police report speak for themselves.

29. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

30. Referencing Paragraphs 46, 47, and 48 of the Complaint, Defendants so much as alleging that the Plaintiffs were held in Valencia County Detention Center. As to the exact duration of confinement, and the specific amount and conditions of bond, Defendants are without sufficient knowledge and information in which to form a belief as to the truth of the allegations at this time.

31. Referencing Paragraph 49 of the Complaint, Defendants admit that Plaintiff Cockrell was detained by agents of the State of New Mexico Special Investigations Division during the search. Defendants are without sufficient information and knowledge as to the "personal apartment" at this time.

32. Defendants deny the allegations contained in Paragraphs 50, 51, and 52 of the Complaint.

33. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second numbered Paragraph 51 of the Complaint, and therefore deny the same.

34. Defendants deny the second numbered Paragraph 52 of the Complaint.

35. Defendants incorporate, as if fully set forth, their answers to Paragraphs 53, 56, and 59 of the Complaint.

36. Referencing Paragraph 54 of the Complaint, this is a statement of law or legal conclusion to which no response is required. To the extent that a response may be required, Defendants admit that the Fourth Amendment of the United States Constitution protects persons from unreasonable searches and seizures. Defendants, however, deny any Fourth Amendment violation.

37. Defendants deny the allegations contained in Paragraphs 55, 58, 60, 61, and 62 of the Complaint.

38. Referencing Paragraph 57 of the Complaint, this is a statement of law or legal conclusion to which no response is required. To the extent that a response may be required, Defendants admit that the Fourth Amendment of the United States Constitution protects persons from unreasonable searches and seizures. Defendants, however, deny any Fourth Amendment violation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by its failure to comply with the notice provision of the New Mexico Tort Claims Act, Section 41-4-16 NMSA 1978.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, Sections 41-4-1 *et seq.* NMSA 1978.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages thereby barring or reducing any recovery.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' causes of action are barred and Defendants have been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, Sec. 41-4-1 *et seq.* NMSA, 1978.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' actions were privileged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred by the Constitution of the United States of America, the Constitution of the State of New Mexico, and the New Mexico Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages against Defendants in their official capacities.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages against any Defendant as none acted willfully, recklessly or engaged in any grossly negligent conduct in disregard of Plaintiffs' rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is brought in bad faith and without merit, and Defendants are entitled to attorneys' fees and costs as prevailing parties under 29 U.S.C. Section 794a(b) and 42 U.S.C. Section 1988.

## TENTH AFFIRMATIVE DEFENSE

Based upon allegations contained in the Complaint, the individual Defendants are entitled to qualified immunity.

**WHEREFORE**, Defendants requests that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: _____
James P. Sullivan
128 East DeVargas
Santa Fe, NM  87501
(505) 995-8514
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of February, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Thomas C. Esquibel, Esq., attorney for Plaintiffs
Thomas540@comcast.net

Timothy M. Padilla, Esq., attorney for Plaintiffs
tim@lomaslawoffice.com

By: _____
James P. Sullivan